# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEOCHILD, LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>-vs-<br><br>ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, a Florida nonprofit corporation, d/b/a ADVENTHEALTH,<br><br>Defendant. | Case No. CIV-20-588-F |

## ORDER

Before the court is Defendant's Motion to Dismiss, filed July 23, 2020. Doc. no. 8. Plaintiff has responded to the motion and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff has sued defendant seeking damages for defendant's refusal to accept delivery of 300,000 units of personal protective equipment, specifically Level 2 gowns. Plaintiff alleges claims of breach of contract, opportunistic breach of contract, promissory estoppel and negligent misrepresentation. Defendant seeks dismissal of plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.

As to the breach of contract claim, defendant argues that plaintiff's allegations fail to plausibly allege the formation of a valid contract under the Uniform Commercial Code ("UCC"). According to defendant, its purchase order for the Level 2 gowns, rather than plaintiff's price quotation, constituted the offer, but that

offer was not accepted by plaintiff with a prompt promise to ship or a prompt shipment of the specified Level 2 gowns. Defendant asserts that plaintiff specifically alleges in its complaint that it could not deliver the Level 2 gowns listed in the purchase order. However, even if its purchase order were considered a contract under the UCC, defendant contends that plaintiff anticipatorily repudiated the contract when it advised defendant, five days after receiving the purchase order, that it was unable to supply the specified Level 2 gowns. Although plaintiff sought to find a substitute product, defendant asserts that plaintiff could not provide a substitute product without defendant's consent, unless the mode of delivery for the original product became unavailable, a matter that was never an issue. Further, defendant asserts that information regarding a substitute product was provided after the May 3, 2020 due date in the purchase order had passed. Defendant therefore contends that it was not required to perform under the contract and no cause of action for breach of contract is available to plaintiff.

With respect to the opportunistic breach of contract claim (based upon the Restatement (Third) of Restitution and Unjust Enrichment § 39), defendant states that Oklahoma has not recognized that theory of recovery. Defendant also argues that this claim fails as a matter of law because, for the reasons previously stated with regard to the breach of contract claim, plaintiff's allegations fail to plausibly allege formation or breach of a contract.

Turning to the promissory estoppel claim, defendant asserts that plaintiff's allegations fail to demonstrate three of the four required elements[1] for the claim—a clear and unambiguous promise made by defendant, reasonable reliance by plaintiff

---

[1] The elements of a promissory estoppel claim are: "(1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promise would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement." Russell v. Board of County Com'rs, Carter County, 952 P.2d 492, 503 (Okla. 1997).

on defendant's promise to its detriment and hardship or unfairness to plaintiff unless the promise is enforced. In addition, defendant contends that to the extent it has a valid breach of contract claim, plaintiff cannot state a promissory estoppel claim.

Lastly, as to the negligent misrepresentation claim, defendant asserts that plaintiff's allegations do not comply with Rule 9(b), Fed. R. Civ. P. According to defendant, plaintiff's complaint fails to allege with particularity the false statements purportedly made by defendant. Defendant states that the complaint fails to provide facts as to who made the statement, when it was made or what the specific consequences were for reliance on the statement.

## II.

In deciding whether dismissal under Rule 12(b)(6) is appropriate, the court accepts "as true all well-pleaded allegations in the complaint and view[s] them in the light most favorable to the [non-moving party.]" S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotations omitted).

The "nature and specificity of the allegations required to state a plausible claim will vary based on context." S.E.C., 744 F.3d at 641 (quotations omitted). Making that determination requires the court to "draw on its judicial experience and common sense." Id. (quotations omitted).

With these principles in mind, the court finds that dismissal is not appropriate.[2]

### III.

*Breach of Contract*

The general rule is that a price quotation is not an offer, but rather is an invitation to enter into negotiation or to submit an offer. Manhattan Const. Co. v. Rotek, Inc., 905 F. Supp. 971, 974 (N.D. Okla. 1995).[3] A purchase order submitted in response to a price quotation is ordinarily considered the offer. *Id*. However, a price quotation, if detailed enough, can amount to an offer creating the power of acceptance. *Id*. It must reasonably appear from the price quotation that assent to it is all that is needed to ripen the offer into a contract. *Id*. at 974-975.

Viewing the well-pleaded facts in a light most favorable to plaintiff, the court concludes that plaintiff has plausibly alleged that its price quotation was an offer and defendant's purchase order was its acceptance. The facts pled support a claim, plausible on its face, that a contract was formed. On this point, the court emphasizes that it is important to bear in mind that the court, for present purposes, does view the well-pleaded facts in a light most favorable to the plaintiff.

Under Oklahoma law, a party may repudiate a contract, and excuse the other party's duty to perform, by declaring its intention not to perform it. However, any such repudiation must be "distinct, unequivocal, and absolute in terms and treated and acted upon as such by the other party." Bushey v. Dale, 75 P.2d 193, 196 (Okla.

---

[2] In its reply, defendant submits new material, *i.e.*, e-mails between the parties, for the court's consideration. The court, however, declines to consider that new material in reaching its decision because the court is not inclined to grant plaintiff leave to file a sur-reply. *See*, Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005) (if district court does not rely on new material in reaching its decision, it does not abuse its discretion precluding a sur-reply).

[3] For purposes of its motion, defendant assumes Oklahoma law applies. Doc. no. 8, ECF p. 14. The court, in adjudicating the motion, assumes Oklahoma law applies.

1938) (internal citations omitted).  Here, the facts, as pled, do not support a finding, as a matter of law, that plaintiff repudiated the contract.  Although plaintiff advised defendant on April 29, 2020 that it could not deliver the original product, it advised that timely delivery of a conforming product would be made.  The facts, as pled, indicate that defendant did not act as if the contract had been repudiated.  Indeed, defendant represented in the call on June 9, 2020 that the purchase order was not canceled and acknowledged that plaintiff had not missed any deadline.  Further, the facts, as pled, indicate that defendant specifically consented to the Level 2 gowns (the Texas gowns) on June 15, 2020.  Viewing the facts in a light most favorable to plaintiff, the Texas gowns were conforming goods.[4]

The court rejects defendant's argument that the due date for each of the three sizes of Level 2 gowns was May 3, 2020 and that plaintiff breached the contract by failing to meet this due date and not advising of a substitute product until after the due date had passed.  However, the court, viewing the facts in a light most favorable to plaintiff, concludes that the May 3, 2020 due date was not the date for plaintiff's performance.  The facts alleged indicate that plaintiff had until June 9, 2020 to make delivery of the Level 2 gowns and that defendant thereafter acknowledged in the June 9th call to plaintiff that it had not missed any deadline under the purchase order.

The facts, as pled, show that after advising that it would accept the conforming (Texas) Level 2 gowns and that the price would remain the same as was in the purchase order, defendant failed to perform under the contract.  The court concludes that a plausible breach of contract claim has been pled.

*Opportunistic Breach of Contract*

The Restatement (Third) of Restitution and Unjust Enrichment provides that

---

[4] Viewing the factual allegations in a light most favorable to plaintiff, the court also concludes that as of June 2, 2020, plaintiff had offered Level 2 gowns that were conforming goods that could be timely delivered to defendant.

> If a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach. Restitution by the rule of this section is an alternative to a remedy in damages.

Restatement (Third) of Restitution § 39(1).

The court has found no controlling authority adopting or rejecting this restatement provision. The court concludes, at this stage and without developed arguments from the parties, it would be premature to preclude the alleged opportunistic breach of contract claim. The court notes, however, that "a breach of contract that satisfies the cumulative tests of § 39 is rare." *Id*., Comment: a. *General principles and scope, relation to other sections*. In its motion, defendant only challenges the claim on the basis that plaintiff has not plausibly pled the formation or breach of any contract. However, based upon the court's previous discussion with regard to the breach of contract claim, the court concludes that plaintiff has done so. Accordingly, the court concludes that, along with the breach of contract claim, the alleged opportunistic breach of contract claim survives dismissal under Rule 12(b)(6).

*Promissory Estoppel*

Although the court has determined that plaintiff has alleged a plausible breach of contract claim, the court concludes that plaintiff may still proceed with a promissory estoppel claim. Rule 8(d)(2), Fed. R. Civ. P., allows a plaintiff to "plead a breach of contract claim and a promissory estoppel claim based on the same conduct or document in the alternative, although [it] may not ultimately prevail on both claims." Clark v. Green Tree Servicing, LLC, 69 F.Supp.3d 1203, 1222 (D. Colo. 2014). That approach fits this case. Further, viewing the facts in a light most favorable to plaintiff, the court concludes that plaintiff's allegations in the complaint

6

posit each of the challenged elements—promise, reliance and hardship or unfairness—of the promissory estoppel claim. The court finds that a plausible promissory estoppel claim has been alleged. Therefore, the promissory estoppel claim is not subject to dismissal for failure to state a claim under Rule 12(b)(6).

*Negligent Misrepresentation*

"Oklahoma has adopted the Restatement (Second) of Torts § 552 for negligent misrepresentation." *See*, Lopez v. Rollins, 303 P.3d 911, 916 (Okla. Civ. App. 2013) (citing Stroud v. Arthur Anderson & Co., 37 P.3d 783, 793-794 (Okla. 2001)); *see also*, Greer v. SunTrust Mortg., Inc., Case No. 13-CV-0402-CVE-FHM, 2013 WL 5520010, at * 6 (N.D. Okla. Oct. 3, 2013). Section 552 provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552.

If the circumstances of a case fall within § 552, a duty of care exists. *See*, Comment to § 552; *see also*, Greer, 2013 WL 5520010, at *6. Upon review of the allegations of the complaint, the court concludes that plaintiff seeks to allege a negligent misrepresentation based upon § 552.

Viewing the well-pleaded facts in a light most favorable to plaintiff, the court concludes that plaintiff has alleged a plausible negligent misrepresentation claim.[5]

---

[5] Contrary to defendant's arguments, the court finds that plaintiff need not comply with Rule 9(b), Fed. R. Civ. P., as to its negligent misrepresentation claim. *See*, Patten Air, LLC v. Howard, Case No. CIV-18-0004-F, 2018 WL 9837822, at *6 (W.D. Okla. Oct. 15, 2018); In re National Century

Consequently, the court concludes that dismissal of the negligent misrepresentation claim under Rule 12(b)(6) is not appropriate.

IV.

Based upon the foregoing, Defendant's Motion to Dismiss, filed July 23, 2020 (doc. no. 8), is **DENIED**.

IT IS SO ORDERED this 24th day of August, 2020.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0588p002.docx

---

Financial Enterprises, Inc., 504 F.Supp.2d 287, 323 (S.D. Ohio 2007). The claim, as pled, is grounded in negligence—alleged false statements "made negligently" and failing "to exercise reasonable care or competence in communicating information" to plaintiff. Doc. no. 1, ¶¶ 178, 180, 182 and 183.